# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30337
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2023

Lyle W. Cayce
Clerk

Reginald Jackson,

*Plaintiff—Appellant*,

*versus*

E. Dustin Bickham, *Warden*; Daniel LaFleur; Laura Allen; John Doe,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-1037

---

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Reginald Jackson, Louisiana prisoner # 764746, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint as frivolous and for failure to state a claim for relief. The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Jackson fails to address the district court's reasons for the dismissal of his complaint as frivolous and for failure to state a claim. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Jackson has failed to challenge any factual or legal aspect of the district court's disposition of his claims or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Jackson's complaint and the dismissal of this appeal each count as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Jackson is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).